JOHN E. BIRKENHEIER
Email: birkenheierj@sec.gov
ANDREA R. WOOD
Email: woodar@sec.gov
MARGARET GEMBALA NELSON
Email: nelsonm@sec.gov
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois  60604
Telephone:   (312) 353-7390
Facsimile:    (312) 353-7398

LOCAL COUNSEL
DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
U.S. Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, California  90036
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908
Attorneys for Plaintiff
U.S. Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ANGEL ACQUISITION CORP. et al.,<br><br>Defendants. | Case No. SACV 08-880 JVS (ANx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT MARSHALL HOLDINGS INTERNATIONAL, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant Marshall Holdings International, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $8,974,033, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,173,320, for a total of $12,147,353.  Based on Defendant's sworn representations in its Statement of Financial Condition dated June 30, 2008, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all disgorgement and pre-judgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of all disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering

Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   July 6, 2009        _____
                             Honorable James V. Selna
                             United States District Judge

5